J-A35008-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| JAMES HERBERT, EXECUTOR OF THE ESTATE OF VINCENT W. GATTO, SR., DECEASED, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| AMERICAN BILTRITE AND ITS DIVISION AMTICO; AZROCK INDUSTRIES, INC.; CERTAINTEED CORPORATION; DAVIS FETCH CORPORATION OF PENNSYLVANIA; EGGERS INDUSTRIES; GEORGIA PACIFIC CORPORATION; H.B. FULLER COMPANY; HAJOCA CORPORATION; KAISER GYPSUM COMPANY, INC.; UNION CARBIDE CORPORATION AND ITS LINDE DIVISION; WEYERHAEUSER COMPANY, | |
| Appellees | No. 1702 WDA 2014 |

Appeal from the Order Entered October 15, 2014
In the Court of Common Pleas of Allegheny County
Civil Division at No(s): G.D. No. 11-019602

BEFORE: BENDER, P.J.E., SHOGAN, J., and MUSMANNO, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED JANUARY 12, 2016**

James Herbert, Executor of the Estate of Vincent W. Gatto, Sr.,

appeals from the order entered October 15, 2014, which granted Appellees

summary judgment in this asbestos litigation and dismissed the complaint with prejudice as time-barred.[1]  We affirm.

Mr. Gatto was occupationally exposed to asbestos while self-employed as a brick mason in Virginia.  In June 2003, Mr. Gatto was prescribed a computer tomography scan (CT scan) of his lungs.  Dr. Guillermo Olivos interpreted the scan and authored a report, diagnosing Mr. Gatto with asbestosis.  His primary care physician, Dr. Imelda Miranda, discussed the diagnosis with Mr. Gatto.  Additional tests were performed in November 2005, interpreted by Dr. C. Hugh Everhart, a pulmonologist, and found to be consistent with the 2003 results.  Dr. Everhart's report specifically notes Mr. Gatto's 2003 diagnosis.  In February 2010, following a right thoracoscopy and biopsy of the pleural space, Mr. Gatto was diagnosed with mesothelioma.  Mr. Gatto died shortly thereafter in April 2010.

Appellant commenced this litigation in September 2011.  Following the close of discovery, in September 2014, Appellees filed several motions for summary judgment based upon the Virginia statute of limitations, Va. Code Ann. § 8.01-243(A), which requires that an action for personal injury must be brought within two years after the cause of action accrues.[2]  According to

_____

[1] Union Carbide settled with Appellant and is not a party to this appeal.

[2] Pursuant to Pennsylvania's Uniform Statute of Limitations on Foreign Claims Act, 42 Pa.C.S. § 5521, the parties agree that the Virginia statute of limitations applies.  *See* Appellant's Brief at 5-6, Appellees' Brief at 17.

Appellees, the only cause of action accrued in 2003, following diagnosis of Mr. Gatto's asbestosis. Therefore, according to Appellees, Appellant's cause of action is time-barred.

In response, Appellant did not dispute the 2003 diagnosis or that Mr. Gatto was aware of it.[3] Rather, Appellant argued that the 2003 diagnosis was incorrect and that Mr. Gatto's cause of action did not properly accrue until the 2010 diagnosis of his mesothelioma.

In October 2014, the trial court granted Appellees' motion for summary judgment.[4] Appellant timely appealed; and the court issued an opinion.

Appellant raises the following issues:

1. Whether [Appellant's] claim for mesothelioma can be barred under the Commonwealth of Virginia's statute of limitations, Va. Code Ann § 8.01-249(4) (2014), because of a transcription error in a medical record regarding a disease from which [Mr. Gatto] never actually suffered.

_____

[3] Appellant conceded that Mr. Gatto informed Dr. Everhart in 2005 that he had asbestosis, thus clearly Mr. Gatto was aware of the diagnosis. **See** Appellant's Response to the Motion for Summary Judgment at ¶23.

[4] The trial court's order specifically grants the motion for summary judgment filed on behalf of H.B. Fuller Company, Georgia Pacific LLC, Hajoca Corporation, Weyerhaeuser Company, Davis-Fetch Corporation of Pennsylvania, and Domco Products Texas, Inc. f/k/a Asrock Industries, Inc. However, the order applies to all remaining defendants. **See** Pa.R.Civ.P. 1041.1(f) ("A motion for summary judgment filed by one defendant alleging a ground common to one or more other defendants shall be deemed filed on behalf of all such defendants.")

2. Whether the trial court erred in resolving a factual dispute between medical records and sworn trial testimony of physicians in favor of [Appellees], thereby usurping the role of the jury, and also failing to look at the evidence in the light most favorable to [Appellant].

3. Whether the trial court erred in ruling that the statute of limitations expired on [Appellant's] mesothelioma claim, when the issue of whether [Mr. Gatto] suffered from any "disabling asbestos-related disease" prior to his mesothelioma was, at least, a contested issue of fact.

4. Whether Va. Code Ann § 8.01-249(4) permits the running of the statute of limitations before a right to the cause of action accrues, thereby creating an absurd result.

Appellant's Brief at 4.[5]

Appellant contends that the Virginia statute of limitations does not bar his claim and that, therefore, summary judgment was granted in error. The standard and scope of our review is settled.

As has been oft declared by this Court, summary judgment is appropriate only in those cases where the record clearly demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. When considering a motion for summary judgment, the trial court must take all facts of record and reasonable inferences therefrom in a light most favorable to the non-moving party. In so doing, the trial court must resolve all doubts as to the existence of a genuine issue of material fact against the moving party, and, thus, may only grant summary judgment where the

_____

[5] Appellant's brief does not conform to our rules of appellate procedure. Appellant presents four issues for our consideration, yet his argument includes two sections broken into several subsections that do not directly correspond to the four issues identified. *See* Pa.R.A.P. 2119(a). Essentially, Appellant raises a single issue, *i.e.*, whether the Virginia statute of limitations time-bars his claim. Appellant contends that it does not and levies several arguments in favor of this position.

right to such judgment is clear and free from all doubt. On appellate review, then, an appellate court may reverse a grant of summary judgment if there has been an error of law or an abuse of discretion. But the issue as to whether there are no genuine issues as to any material fact presents a question of law, and therefore, on that question our standard of review is *de novo*. This means we need not defer to the determinations made by the lower tribunals. To the extent that this Court must resolve a question of law, we shall review the grant of summary judgment in the context of the entire record.

***Summers v. Certainteed Corp.***, 997 A.2d 1152, 1159 (Pa. 2010) (internal citations and quotation marks omitted; formatting modified).

The premise of Appellant's argument is simple: Mr. Gatto never had asbestosis. ***See*** Appellant's Brief at 10. According to Appellant, the 2003 diagnosis was merely a transcription error, inadvertent and insufficient to trigger the limitations period. ***Id.*** at 16-19. Indeed, Appellant asserts that imparting any legal significance to a misdiagnosis would be absurd. ***Id.*** Finally, according to Appellant, the trial court erred in disregarding competent expert testimony disputing the 2003 diagnosis and opining that Mr. Gatto's exposure to asbestos did not result in a "disabling asbestos-related injury" until the 2010 diagnosis of his mesothelioma. ***Id.*** at 14-16; 19-23.

Under Virginia law, "every action for personal injuries, whatever the theory of recovery … shall be brought within two years after the cause of action accrues." Va. Code Ann. § 8.01-243(a). A cause of action for an asbestos-related injury accrues as follows:

In actions for injury to the person resulting from exposure to asbestos or products containing asbestos, when a diagnosis of asbestosis, interstitial fibrosis, mesothelioma, or other disabling asbestos-related injury or disease is first communicated to the person or his agent by a physician. However, no such action may be brought more than two years after the death of such person[.]

Va. Code Ann. § 8.01-249(4).

Importantly, Virginia adheres to an "indivisible cause of action" rule. ***Kiser v. A.W. Chesterton Co.***, 736 S.E.2d 910, 920 (Va. 2013).

Although multiple *rights* of action may arise under a given cause of action, a wrongful act generally gives rise to only a single indivisible cause of action. … When a plaintiff suffers but one actionable wrong or a single wrongful invasion of a single primary right such as the right of bodily safety, the plaintiff is entitled to but one recovery. … Thus, a statute of limitations usually commences to run when injury is incurred as a result of a wrongful act. … [W]hen the statute of limitations begins to run, it runs as to all damages caused by the wrongful or negligent act of another, even if the individual suffers additional damages at a later date.

***Id.*** at 916 (internal citations omitted; formatting and punctuation modified; emphasis in original). This means, according to the Supreme Court of Virginia, that an asbestos-related cause of action accrues a single time, thus triggering the limitations period, "when the diagnosis of any of the specified diseases or some 'other disabling asbestos-related injury or disease' is communicated to the patient or his agent by a physician." ***Id.*** at 918.

Here, Appellant does not dispute that Mr. Gatto was diagnosed with asbestosis in 2003. Also undisputed is that Dr. Miranda discussed the diagnosis with him. Clearly, too, Mr. Gatto was aware of the diagnosis,

because he relayed that information to Dr. Everhart in 2005. These facts alone are sufficient to trigger the limitations period. Moreover, as the indivisible cause of action rule applies, the subsequent diagnosis of Mr. Gatto's mesothelioma did not commence a new limitations period. Accordingly, Appellant's cause of action is time-barred.

Appellant's several arguments to the contrary are unavailing. Upon receiving the 2003 diagnosis, Mr. Gatto incurred an obligation to pursue his cause of action with all reasonable diligence.

> [U]nder the law of Pennsylvania, it is the duty of the one asserting a cause of action to use all reasonable diligence to inform himself or herself properly of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed statutory period. Mere mistake, misunderstanding or lack of knowledge on the part of the plaintiff is not sufficient to toll the running of the statute of limitations.

*Gwaltney v. Stone*, 564 A.2d 498, 500 (Pa. Super. 1989) (applying the Tennessee statute of limitations to a cause of action filed in Pennsylvania) (internal citations omitted). Thus, the *accuracy* of the 2003 diagnosis is no longer relevant. Similarly irrelevant are any expert opinions of the diagnosis. Put simply, any dispute regarding the diagnosis should have been resolved long before Appellant filed his cause of action in 2010.

Finally, Appellant's argument that the 2003 diagnosis was insufficient because it failed to qualify Mr. Gatto's asbestosis as "disabling," is devoid of merit. *See* Appellant's Brief at 15 n.10, 19-23. The plain language of Section 249(4) lists asbestosis specifically as one of the diseases that will

trigger the statute of limitations. No qualifying diagnosis is necessary. Va. Code Ann. § 8.01-249(4); *see also Kiser*, 736 S.E.2d at 920 (holding that the mere diagnosis of decedent's asbestosis was sufficient to trigger the limitations period).

For the above reasons, we discern no error in the trial court's decision. Appellant's cause of action is time-barred and was dismissed properly with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/12/2016